# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PAUL WHITE, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Paul White, individually and on behalf of all others similarly situated, brings this collective action for violations of the Fair Labor Standards Act ("FLSA") against Defendant Granite Telecommunications, LLC ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1.

This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. Section 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. Section 201, *et seq*.

1

2.

Venue is proper in this District, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District with principal offices located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.

Plaintiff Paul White is a resident of the State of Georgia and over the age of 18.

4.

Plaintiff Paul White began his employment with Defendant in October of 2014 and continued said employment until May of 2017.

5.

Defendant is a foreign corporation with its principal place of business located at 100 Newport Avenue Ext., Quincy, MA 02171.

6.

Defendant is subject to the jurisdiction of the FLSA, engaged in interstate commerce and earnings exceeding $500,000 in the prior three (3) years.

7.

Plaintiff and those similarly situated are current and former employees of Defendant within the meaning of the FLSA, and Defendant employed them within three (3) years of the date this Complaint was filed.

## FACTUAL ALLEGATIONS

8.

Defendant employs inside sales representatives, upwards of one thousand or more, working in multiple offices selling telecommunications to businesses throughout the United States.

9.

Defendant provides telecommunications services, including telephone services, managed solutions, data products, and network integration, to businesses throughout the United States.

10.

At all times relevant to this Complaint, Plaintiff and those similarly situated, worked for Defendant as inside sales representatives from within Defendant's offices in Atlanta, Georgia; Quincy, Massachusetts; Lincoln, Rhode Island; New York, New York; Addison, Texas; Willowbrook, Illinois; Orlando, Florida; and West Palm Beach, Florida.

11.

Plaintiff and those similarly situated worked for a base salary in addition to commissions based on their sales numbers.

12.

Plaintiff Paul White was paid $50,000.00 per year plus commissions.

13.

Plaintiff and those similarly situated worked over forty (40) hours routinely and with Defendant's knowledge and behest throughout their employment with Defendant.

14.

During the hiring process, Defendant, through its managers, represented to Plaintiff and those similarly situated that the job was a forty (40) hour per week position.

15.

When hired, Plaintiff believed the salary was being paid for only a 40 hour work week.

16.

Plaintiff and the class of similarly situated employees routinely worked over forty (40) hours each week with Defendant's knowledge and behest throughout their employment with Defendant.

17.

Shortly after his employment began, Plaintiff's superiors began to pressure, urge and encourage him and all other inside sales representatives to work beyond the scheduled 40 hours, including coming in early, staying late and working through lunches in order to meet goals and quotas and maximize sales.

18.

Defendant, through its managers, encouraged and pressured Plaintiff and those similarly situated to work as many hours as necessary to meet sales production numbers.

19.

Plaintiff was also made to believe through representations by Defendant that he was not entitled under the law to be paid for the overtime hours because he was a salaried employee, as well as under the contention that any hours worked over 40 simply are not their responsibility under the law.

20.

There was no time tracking methods used by the Defendant to track time worked by Plaintiff and those similarly situated in the office.

21.

In February 2017, Defendant told its employees that some were entitled to pay for hours over forty (40), but not others. Those employees that were paid were only paid for those hours at an $8 – $9 overtime rate, and Defendant did not pay overtime on the employee commissions.

22.

During one short period of time, Defendant did instruct employees against working overtime and even represented that they would pay overtime wages, but very quickly is was "business as usual", the majority of sales reps working overtime hours without being paid and continually warned about hitting numbers and goals no matter how many hours it took.

23.

During the entire time Plaintiff and those similarly situated worked for Defendant, Defendant knew that the inside sales representatives were working overtime and also working off the clock.

24.

Plaintiff, like all other inside sales representatives, was not entirely concerned over recording or documenting his hours since Defendant made it clear that they would not and do not pay overtime wages.

25.

Defendant's managers readily observed Plaintiff and those similarly situated working overtime within the offices of Defendant.

26.

Plaintiff and all similarly situated inside sales representatives, accessed electronic and computer systems, telephone, and e-mails, which would, if produced, help reflect the true hours that they worked.

27.

However, Defendants did not accurately record the hours of these non-exempt employees.

28.

At all times material to this Complaint, Defendant failed to compensate Plaintiff and all similarly situated inside sales representatives for overtime hours worked.

29.

It is unclear whether the Defendant misclassified Plaintiff and all similarly situated inside sales representatives as Exempt employees, a clearly unlawful and erroneous position and action, or whether they simply just willfully refused to pay overtime wages for non-exempt employees and did not throughout the period of the 3 years preceding the filing of this Complaint properly and accurately record and track the hours inside sales representatives worked in violation of the FSLA.

30.

Plaintiff and all similarly situated inside sales representatives did not negotiate or ever agree that their salaries were intended to pay them for all hours, and had they known that they were non-exempt employees under the FLSA when hired and entitled to a premium for overtime hours, they never would have agreed to the compensation plan provide and would have complained and objected to not being paid overtime wages for all hours worked over 40 in a work week.

## COLLECTIVE ACTION ALLEGATIONS

31.

Plaintiff submits that there are others, similarly situated to herself, who were denied overtime wages.

32.

Upon information and belief, the class size during the relevant class period is upwards of 3000 employees nationwide.

33.

Plaintiff, and all other similarly situated inside sales representatives, handle either inbound or outbound calls to sell telecommunications to businesses.

34.

Inside sales representatives do not supervise two (2) or more full time employees, and thus cannot meet the Executive Exemption.

35.

The primary job duties of inside sales representatives do not involve the exercise of independent discretion and judgment in matters of significance, they are in the production aspect of Defendant's business, selling its products and following scripts. Thus they cannot meet the Administrative Exemption.

36.

Defendant knows now, and has known for the past three (3) years, that inside sales representatives do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

37.

Plaintiff and all similarly situated inside sales representatives are micro managed and highly scrutinized on a daily and weekly basis with very little room if at all in deviating from strict regulated manners in which to perform their job duties and responsibilities.

38.

Inside sales representatives do not have decision making authority.

39.

Plaintiff and all inside sales representatives work in a very high pressured, boiler room type environment.

40.

Plaintiff brings this suit on behalf of themselves and all others similarly situated and propose the following collective description:

All persons who perform(ed) work for Defendant as inside sales representatives at any of its offices in the United States, under any title, including Regional Account Manager, Senior Regional Account Manager, National Account Manager, Territory Manager Account Executive, Consultant, at any time within three (3) years of the filing of this Complaint or who are currently employed by Defendant.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.

Plaintiff re-alleges and incorporates by reference all above paragraphs as if fully set forth herein.

42.

The FLSA requires employers to pay employees wages at a rate no less than one-and-a-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in individual work weeks. 19 U.S.C. § 207.

43.

Defendant is an "employer" of Plaintiff and those similarly situated within the meaning of the FLSA.

44.

Defendant is an "enterprise" as defined by the FLSA and engaged in interstate commerce.

45.

Plaintiff and those similarly situated worked more than forty (40) hours in the workweeks going back three (3) years from the filing of this Complaint and did not receive overtime compensation for all of the overtime hours worked.

46.

Plaintiff and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

47.

Defendant has willfully violated the FLSA and is liable for wages for a three (3) year period of time preceding the filing of this complaint.  Defendant has known for the past three years that the inside sales representatives were non-exempt employees, and continued refuse to compensate Plaintiff and the class of similarly situated for overtime hours worked.

48.

Defendant did not make a good faith effort to comply with the FLSA and owes Plaintiff and those similarly situated liquidated damages and an equal sum of all wages owed.

49.

Defendant knew that the Plaintiff and those similarly situated were working overtime hours and willfully refused to pay Plaintiff and all similarly situated inside sales representatives overtime pay at one and a half time their regular rate of pay for all overtime hours worked.

50.

Defendant also has failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay including the value of all commissions and bonuses earned.

51.

Defendant has also violated the record keeping provision of the FLSA, 29 CFR 516.2, which mandates that an Employer record and track the hours of non-exempt employees.

52.

Because of these unlawful pay practices, which have continued in the past three years up through the present, Plaintiff and those similarly situated have suffered lost wages and damages.

WHEREFORE, Plaintiff and those similarly situated request from this Court:

    a.    An order certifying this as a collective action;

    b.    Appointment of the Plaintiff as class representative;

    c.    Appointment of the undersigned as attorney of record for the collective class;

d. Authorization for the issuance of a notice to all similarly situated former and current inside sales representatives of Defendant that apprise the putative class and notify them of the pendency of this action and provides them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

e. Judgement finding Plaintiff and those similarly situated are entitled to overtime pay at one and a half times their regular rate;

f. Judgement against the Defendant finding they violated the FLSA;

g. Judgement against the Defendant finding they acted willfully and in bad faith;

h. Award of monetary damages for unpaid wages;

i. Award of monetary damages for liquidated damages under the FLSA;

j. Special award to Plaintiff for service as the class representative;

k. Award of reasonable attorneys' fees, costs, and expenses; and

l. Such other equitable or legal relief the Court should deem necessary and just including the entry of an Injunction barring the Defendant from continuing to violate the FLSA by failing to pay overtime wages to inside sales representatives.

Respectfully submitted this 28th day of August, 2017.

**BARRETT & FARAHANY**

/s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135

*Attorneys for Plaintiff Paul White*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@justiceatwork.com