IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAUL WHITE, individually and on behalf of all those similarly situated,<br>　　　　　Plaintiff,<br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br>　　　　　Defendant. | Civil Action No.<br><br>1:17-cv-03243-TWT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S UNOPPOSED MOTION FOR CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The Plaintiff, Paul White ("Plaintiff" or "Class Representative") and Defendant, Granite Telecommunications, LLC ("Granite" or "Defendant"), following extensive arms' length negotiations, have entered into a Settlement Agreement that would resolve the claims raised in this proceeding. The parties jointly submit the Settlement Agreement for preliminary approval by the Court, pursuant to Fed. R. Civ. P. 23(e).  By this Motion, the parties respectfully submit that the Court should (i) preliminarily certify the instant proceeding as a class action pursuant to Federal Rule of Civil Procedure 23 and conditionally certify this proceeding collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") for purposes of settlement only; (ii) grant preliminary

1

approval of the Settlement Agreement; (iii) approve the notice to Class Members; and (iv) schedule a hearing for final approval of the class settlement.

## CASE SUMMARY AND BACKGROUND

On or about August 28, 2017, Plaintiff commenced an action by filing a Complaint in the United States District Court for the Northern District of Georgia (the "Court"), captioned as: <u>Paul White, individually and on behalf of all those similarly situated v. Granite Telecommunications LLC, Civil Action No. 1:17-cv-03243-TWT</u> (the "Civil Action").

The Civil Action asserted a single cause of action stemming from the allegation that Defendant violated the FLSA by failing to pay the Plaintiff and other similarly situated employees overtime compensation.

Plaintiff is a former employee of the Defendant who held the position of Regional Account Manager. The Civil Action was filed by the Plaintiff as a collective action pursuant to 29 U.S.C. § 216, on behalf of himself, as well as on behalf of former and current Granite employees similarly situated to him.

The Parties engaged in an immediate and thorough exchange of information in order to facilitate a negotiated resolution. As part of this exchange, Granite produced, and the Plaintiff reviewed through counsel, voluminous electronic data equivalent to hundreds of thousands of pages of documents.

In preparation for the discussions about a negotiated resolution, Granite assembled and analyzed multiple sources of data relevant to an objective, reasonable assessment of the amount of unpaid overtime compensation that may have been due to Plaintiff and other similarly situated employees. Granite also produced the data underlying this analysis to the Plaintiff, who along with his counsel, conducted an independent review of this data.

The Parties conducted a full-day, in-person negotiation session on October 27, 2017. The Parties continued settlement negotiations thereafter and reached a settlement in principle on November 12, 2017.

Counsel for the Parties engaged in good faith, arms-length negotiations to settle the Civil Action and ultimately reached agreement on the terms and conditions of a settlement on a class-wide basis as set forth herein in the Settlement Agreement, attached hereto as **Exhibit 1** (the "Settlement Agreement").

Plaintiff, through his counsel, made a thorough and independent investigation of the facts and law relating to the controversies between the Parties. In agreeing to the Settlement, Plaintiff and his counsel considered: (i) the facts developed during their investigation and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of their claims; (iii) the desirability of permitting the Settlement to be consummated according to the terms of the

Settlement Agreement; and (iv) the conclusion of Plaintiff and his counsel that the terms and conditions of the Settlement are fair, reasonable, adequate, and that it is in the best interests of Plaintiff and the Settlement Class Members (as defined below) to settle their claims against Defendant.

Per agreement between the Parties, Plaintiff has filed an Amended Complaint concurrently to filing the instant Motion. The Amended Complaint is identical in substance to the original complaint filed in the Civil Action, except that pursuant to Federal Rule of Civil Procedure 23, it adds to the pending FLSA claim putative class action claims on behalf of former and current Granite employees similarly situated to Plaintiff who work and/or worked at the Defendant's offices located in and operating under the laws of the following states: Florida, Massachusetts, New York, and Rhode Island.

**CLASS DEFINITION**

For purposes of Rule 23 of the Federal Rules of Civil Procedure, the class is defined as former and current employees of the Defendant holding the position of Regional Account Manager in Defendant's sales organization, who sold and/or attempted to sell voice and/or data communications products or services in the states of Florida, Massachusetts, New York, and Rhode Island, and who earned less than $100,000 gross earnings from salary and commissions in a calendar year

(sometimes, "Eligible Position") at any time between January 1, 2015 through February 1, 2017. The claims of the Rule 23 class are brought pursuant to the Fair Labor statutes existing in each of these respective states, each of which mirror the requirements of the FLSA related to overtime compensation.

For purposes of the collective action filed pursuant to 29 U.S.C. § 216 alleging violations of the FLSA, the class is defined as (1) former and current employees of the Defendant working in an Eligible Position at any time between January 1, 2015 through February 1, 2017, and (2) persons who filed an opt-in consent form in the Civil Action on or before October 30, 2017.

Those falling within this definition are collectively referred to herein as Settlement Class Members.

## SETTLEMENT TERMS AND EVALUATION

The parties have agreed to monetarily resolve the Civil Action asserted for a Gross Settlement Amount of One Million, One Hundred and Seven Thousand Dollars, and zero cents ($1,107,000.00).

.

The District Court is charged with approving any settlement agreement in a class action. Fed. R. Civ. P. 23(e). The court may approve the settlement "only after

5

a hearing and on a finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." *Id.*

In determining whether an order authorizing notice of the proposed settlement and notice of final fairness hearing is warranted, the primary issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to class members, and a hearing scheduled to determine final approval. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 13.14, at 172-73 (2004) ("MANUAL FOURTH") (at the preliminary stage, "the judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.").

Preliminary authorization permits notice of the hearing on final settlement approval to be given to members of the settlement class, at which time they and the settling Parties may be heard with respect to final approval. MANUAL FOURTH at 322. Preliminary authorization is, therefore, the first step in a two-step process required before a class action may be finally settled. *Id.* at 320. In some cases, this initial assessment can be made on the basis of information already known to the

court and then supplemented by briefs, motions, and an informal presentation from the settling Parties. *Id.* at 320-21.

In deciding whether notice of a settlement should be preliminarily authorized under Rule 23, courts look to whether there is a basis to believe that the more rigorous final approval standard will be satisfied. *See id.* at § 21.633, at 321 ("Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members.")

"Where, as here, a class action has been certified specifically for the purpose of settlement, 'the district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate."' *Dikeman v. Progressive Express Ins. Co.*, 312 F. App'x 168, 171 (11th Cir. 2008) (citing *Piambino v. Bailey,* 757 F.2d 1112, 1138 (11th Cir. 1985). However, "our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984).

The Eleventh Circuit has identified the following factors as relevant to review of whether a class settlement's terms are fair, reasonable and adequate: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and

reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *See id.*

The proposed Settlement Agreement is fair, adequate and reasonable, and treats Settlement Class Members equitably relative to each other, given the costs, risks and probability of the success if the current complex litigation were to continue. In particular, the Defendant has strong legal and factual defenses to liability and to class certification which it would have vigorously asserted throughout these proceedings had they continued. In the event that the Defendant prevailed on these defenses, the Settlement Classes could have recovered nothing at all or considerably less than the amount of the settlement. Although Plaintiff was—and remains—confident in the merits of the claims asserted, proceeding with the litigation entailed significant risks.

Moreover, the cost of extended litigation and discovery would have been substantial. Absent a settlement, the parties would have proceeded through extensive discovery, contested class certification briefing, summary judgment briefing, expert discovery, and trial. The avoidance of these costs and the resulting delay in resolving the claims at issue here represents a meaningful benefit to the Settlement Class Members.

The monetary amount agreed to by the parties to resolve the claims asserted in the Civil Action is within the reasonable range of recovery, as it is based on extensive review by the Parties of employment data related to the Settlement Class Members, and the relation of said data to the requirements of the overtime provisions of the FLSA and relevant state law.  This data tended to show that the Settlement Class Members worked limited hours in excess of 40 per week and were therefore entitled to limited damages in line with the monetary amount agreed to as part of the settlement.

Furthermore, despite being reached during the early stages of litigation, the Settlement Agreement was achieved as the result of substantive, contested negotiations between the Parties.  Moreover, Plaintiff and his counsel conducted an extensive and thorough review of the voluminous data produced by the Defendant and concluded that the data tended to show that the settlement amount is a reasonable approximation of the damages likely to be awarded at trial if Defendant were to be found liable.

The parties assert that that it is unnecessary for the Court to award injunctive relief in the present case.  Effective February 1, 2017, Granite adjusted the way in which it pays several categories of employees, including sales representatives such as the Settlement Class Members working as Regional Account Managers.  Among

other adjustments, Regional Account Managers are now receiving supplemental pay for each hour worked in excess of 40 hours per week.[1]

## PRELIMINARY CLASS CERTIFICATION

"Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate. Pursuant to Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (citing Fed. R. Civ. P. 23(a)).[2]

---

[1] As noted in the Settlement Agreement, Defendant maintains that it acted lawfully at all times.

[2] The prerequisites for a conditional certification of a FLSA collective action class are recognized to be more lenient than those under Rule 23 of the Federal Rules of Civil Procedure. *See, e.g., Jackson v. Fannie Mae*, 181 F. Supp. 3d 1044, 1061 (N.D. Ga. 2016) (recognizing that the "fact that the putative class contains members to whom a named defendant may not be liable does not automatically preclude certification", and in support citing in part *Bernal v. Vankar Enters.*, No. SA-07-CA-695-XR, 2008 U.S. Dist. LEXIS 22814, 2008 WL 791963, at *4 (W.D. Tex. Mar. 24, 2008) where the Court granted "conditional certification against three separate bars where the named plaintiff alleged a common tip sharing policy that violated the FLSA, noting the lenient standard at the notice stage and reasoning that the defendants could be joined under Rule 20 of the Federal Rules of Civil Procedure); *see also Ide v. Neighborhood Rest. Partners, LLC*, 32 F. Supp. 3d 1285, 1290 (N.D. Ga. 2014) ("At the notice stage, district courts in the Eleventh Circuit, relying on the

"A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

The Parties represent that preliminary certification of a class for settlement purposes only is appropriate because:

(a) that the class is so numerous that joinder of all Settlement Class Members is impracticable, as it numbers approximately 386;

(b) that there are questions of law and of fact common and typical to the class, namely whether the Settlement Class Members, as Regional Account Managers employed by the Defendant, were denied overtime wages in violation of the FLSA and applicable state law;

---

pleadings and affidavits submitted by the parties, apply a 'fairly lenient standard' that 'typically results in 'conditional certification' of a representative class.'") (citing to *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). This memorandum, therefore, will not specifically address the standards for certifying the settlement collective action class inasmuch as it would follow *a fortiori* from meeting the Rule 23 prerequisites.

(c) that the Plaintiff, as Class Representative, has thus far and will continue to fairly and adequately protect the interests of the Settlement Class Members;

(d) that the questions of law or fact common and typical to the Settlement Class Members that are detailed above predominate over the questions affecting only individual members; and

(e) that certification of the class is superior to other available methods for the fair and efficient adjudication of the controversy.

## NOTICE

Subject to Court approval of form, Settlement Class Members will be mailed a Notice of the Proposed Settlement ("Notice"), the content of which is attached hereto as **Exhibit 2**. The Notice contains a Claim Form and Release that the Notice encourages Settlement Class Members to complete and submit. Settlement Class Members who complete, submit and return within forty-five (45) days of mailing the Claim Form and Release will be compensated in accordance with a formula agreed to by the Parties and approved by the Court. The formula takes into account the number of weeks each individual worked as a Settlement Class Member between

January 1, 2015 and February 1, 2017, and the amount earned in salary and commissions while working for the Defendant during this time period.[3]

The Notice is comprehensive in that it informs the Settlement Class Members: (i) what the case is about; (ii) who is eligible to participate in and benefit from the proposed Settlement; (iii) the Settlement benefits for those who submit Claim Forms and Releases; (iv) their options related to the Settlement, including their right to object and opt out of the Settlement, and instructions related thereto; (v) the procedure by which they can make a claim and receive a Settlement payment; (vi) the date on which the final Settlement approval hearing and the location; and (vii) contact information for the Administrator and Settlement Class Counsel should the Settlement Class Member request additional information. *See*, **Exhibit 2**.

## SETTLEMENT ADMINISTRATION

Pursuant to Court approval, the Parties have selected Rust Consulting to act as Administrator in the present case. The Parties agree that the Administrator shall act as the agent for Defendant in holding and disbursing funds from the Settlement Account. The administrative costs associated with the Settlement will be paid to the Administrator separately from the settlement amount.

---

[3] For a more detailed description of the compensation formula, please refer to Paragraph 12(a) of the Settlement Agreement, attached hereto as **Exhibit 1**.

The Administrator will be responsible for disseminating the Notices to Settlement Class Members; distribution of attorneys' fees; distribution of payments to Participating Settlement Class Members; calculating the employee share of payroll tax withholdings and payment of such withholdings to the appropriate taxing authorities; calculating the employer's share of payroll tax liability; and all tax reporting related to the settlement payments.

Within ten (10) days of receiving an Order of Preliminary Approval of the Settlement from the Court, the Administrator will receive from Granite a spreadsheet that contains: (i) the names of the Settlement Class Members; (ii) their last known residential addresses; (iii) their social security numbers; (iv) the gross share of the Net Settlement Amount due to each Settlement Class Member; and (v) information, if any is reasonably known, pertaining to any current wage garnishment order, support order, tax lien or other court/governmental order impacting wage payments to any of the Settlement Class Members (the "Settlement Class List"). The Administrator will keep this data confidential and use it only for purposes of performing its duties to the Settlement Class Members.

The Administrator will effectuate mailing of the Notice and its contents. The Administrator will send the Court-approved Notice Packets by first class mail to Settlement Class Members within ten (10) days of receiving the Order of Preliminary

Approval of the Settlement. Unless a Notice Packet is returned to the Administrator by U.S. Postal Service as undeliverable, each Notice shall be deemed received by the Settlement Class Member to whom it was sent, and the date of mailing shall control calculation of the claim deadline. With regard to any Notice Packets that are returned to the Administrator as undeliverable, the Administrator will use reasonable efforts to locate a current residential address and, if a current residential address is located, shall promptly re-mail the settlement documents.

Twenty-one (21) days after the initial mailing, the Administrator shall send postcard reminders to Settlement Class Members who have not returned a Claim Form or timely submitted a request to opt-out by that date, which postcard shall inform the Settlement Class Members how to obtain a Claim Form by contacting the Administrator by telephone, internet, or mail.

## ATTORNEYS' FEES AND COSTS

Contingent on receipt by the Administrator of a completed IRS Form W-9 from Settlement Class Counsel, Court-approved attorneys' fees and litigation costs will be paid to Settlement Class Counsel.

As indicated in the Settlement Agreement, Defendant will not oppose a request by Settlement Class Counsel for an award of fees and litigation costs up to a total of 1/3 (one-third) of the Gross Settlement Amount, totaling Three-Hundred and

Sixty-Nine Thousand Dollars and Zero Cents ($39,00.00).  Any attorneys' fees and litigation costs awarded by the Court shall be paid from the gross settlement amount and shall not increase the total amount paid by Defendant said amount.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter the Order Preliminarily Approving the Class Settlement, attached as **Exhibit 3** hereto, which, *inter alia*:

(i) preliminarily certifies the instant proceeding as a class action pursuant to Federal Rule of Civil Procedure 23, and conditionally certify this proceeding collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") for purposes of settlement only;

(ii) grants preliminary approval of the Settlement Agreement;

(iii) approves the notice to Class Members; and

(iv) schedules a hearing for final approval of the class settlement.

Respectfully submitted this 29th day of December, 2017.

/s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
**BARRETT & FARAHANY**
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125

amanda@justiceatwork.com

Sean W. Cook (admitted *pro hac vice*)
West Virginia State Bar No. 10432
**MEYER FORD & GLASSER**
120 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-3900
Facsimile: (304) 345-3935
sean.cook@meyerandford.com

*Attorneys for the Plaintiff*