IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAUL WHITE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:17-cv-03243-TWT |

# FINAL ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, after a full final approval and fairness hearing, and having reviewed the Settlement Agreement, and it appearing to the Court that, upon examination, the Settlement Agreement and settlement terms are fair, reasonable, and adequate,

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, and the settlement terms contained therein are approved as fair, reasonable and adequate. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement.

2. The Court approves and certifies the following classes pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and Federal Rule of Civil Procedure 23, as applicable:

   a. The class consisting of (1) any and all persons employed by Granite in an Eligible Position at any time between January 1, 2015 through and including February 1, 2017, and (2) any and all persons who filed an opt-in consent form in the Civil Action on or before October 30, 2017, is hereby certified to proceed as a collective action pursuant to the FLSA (the "FLSA Settlement Class").

   b. The class consisting of any and all persons employed by Granite in an Eligible Position in Florida, Massachusetts, New York, or Rhode Island at any time between January 1, 2015 through and including February 1, 2017 is hereby certified to proceed as a class pursuant to Federal Rule of Civil Procedure 23 (the "State Law Settlement Class").

   c. For purposes of defining the classes identified above, the term "Eligible Position" means a salaried Regional Account Manager in Defendant's sales organization who sold and/or attempted to sell voice and/or data communications products or services and who

earned less than $100,000 gross earnings from salary and commissions in a calendar year.

2. For purposes of effectuating this settlement, the Court concludes: (a) that the class is so numerous that joinder of all members is impracticable; (b) that there are questions of law and of fact common to the class; (c) that the claims of Paul White (the "Settlement Class Representative") are typical of the claims of the class; (d) that the Settlement Class Representative will fairly and adequately protect the interests of the class; (e) that the questions of law or fact common to the members of the class predominate over the questions affecting only individual members; and (f) that certification of the class is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Payments to Settlement Class Members shall be made in accordance with the terms set forth in Paragraphs 2, 3, 11, and 12 of the Settlement Agreement.

4. The Settlement Class Representative shall receive an incentive payment of $5,000.

5. Any Settlement Class Members—other than Plaintiff—who filed opt-in consent forms in this action on or before October 30, 2017 shall receive an incentive payment of $2,500 each.

6. Plaintiffs' Class Counsel shall be awarded attorneys' fees and costs equal to $__369,000.00__.

7. Pursuant to paragraph 15 of the Settlement Agreement, all claims for relief asserted in this action are hereby dismissed, on the merits and with prejudice. Judgment shall enter accordingly.

8. This Court shall retain jurisdiction of this action for purposes of overseeing the settlement.

DATED: __September 13, 2018__

                                                              _Thomas W. Thrash_
                                                               U.S. District Judge